PETER FREDERICK, SR., APPELLEE, V. MARY GEHLING, APPELLANT; JOHN W. BUCKMINSTER, INTERVENER, APPELLANT.

FILED APRIL 8, 1911.    No. 16,349.

1. **Quieting Title:** DEFENSES: DEMURRER. In an action to remove a mortgage as a cloud from plaintiff's title which he had acquired by purchase of the real estate at execution sale, it was alleged in the answer that plaintiff formerly had two mortgages which were liens upon the real estate prior to the lien of the execution judgment, and that the owner of the fee had paid these mortgages with the proceeds of another mortgage which he gave on the same land for that purpose, which mortgage had in turn been paid with the money loaned by defendant for which defendant's mortgage was given, and that all this was done with the knowledge of plaintiff. *Held*, That such answer was not subject to general demurrer.

2. ———: ———: ———. In such case the further allegation that the plaintiff, knowing that the defendant's mortgage had been so given and received, and that all prior mortgages had been in fact so paid without being canceled on the record, procured the said prior mortgages to be deducted by the appraisers from the value of the land in the execution sale and so purchased the land at about one-fifth of its real value, and afterwards procured the said prior mortgages to be released, with the purpose of defrauding defendant, her mortgage being subsequent to the lien of the judgment under which plaintiff purchased the land, is held to state a defense as against a general demurrer.

3. **Parties:** INTERVENTION. In such an action the owner of the fee has such an interest in the land which is the subject of litigation as to enable him to intervene and contest the plaintiff's title and assert the homestead character of the land.

APPEAL from the district court for Sheridan county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*J. H. Edmunds* and *Edwin Falloon,* for appellants.

*A. W. Crites* and *Reavis & Reavis, contra.*

SEDGWICK, J.

A general demurrer was sustained to the defendant's answer and judgment on the petition rendered in favor of the plaintiff, and the petition in intervention was stricken from the files. The defendant and intervener have appealed.

The plaintiff brought the action to "remove the cloud cast" by a mortgage of defendant upon a quarter section of land in Sheridan county. He alleged in his petition that in 1902 a judgment was rendered in justice court in Richardson county against one Buckminster and his wife in favor of certain persons not now parties to these proceedings, and that the judgment was transcripted to the district court for Richardson county, and afterwards, in December, 1904, to the district court for Sheridan county, and thereby became a lien upon the said quarter section of land, which was the land of the said Buckminster that execution was issued on the said judgment and was by the sheriff of Sheridan county levied upon the said land, which was sold upon said execution according to law on the 20th day of May, 1907, and was purchased at said sale by the plaintiff; that the sale was afterwards confirmed by the district court and a deed executed to the plaintiff by the sheriff on the 18th day of June, 1907, which deed was duly recorded, and that by these proceedings the plaintiff became "vested with the absolute title in fee simple to the lands." The petition then alleges that, after the lien of said judgment had attached to the land, the defendant Mary Gehling procured a mortgage on the land for the sum of $600 and

caused the same to be recorded; that this mortgage was a subsequent lien to the plaintiff's title, and he asks that it be removed as a cloud upon his title.

The answer is not artistically drawn. It appears to rely upon two defenses: That plaintiff himself had two several mortgages upon the land that were prior to the lien of the judgment under which he purchased it, and that a third mortgage was given to obtain the money with which to pay off plaintiff's mortgages, the proceeds of which were used for that purpose, and that the defendant's mortgage was in turn given for money loaned by defendant to pay the third mortgage, and the proceeds thereof were so used, so that the defendant's mortgage ought in equity to be adjudged prior to plaintiff's lien. The allegations of the answer upon this point, after describing defendant's mortgage, are "that with the proceeds of said $600 said John W. Buckminster on the 20th day of April, 1907, paid said A. E. Buckminster his said note and mortgage, and A. E. Buckminster executed a release of said mortgage; * * * that said $600 which was borrowed of this defendant as aforesaid was used to pay off the mortgage recorded in book 10 on page 110 of mortgage records of said Sheridan county, which mortgage is more particularly described in the preceding paragraph of this amended answer." It is also alleged in the answer that the plaintiff knew of these facts, and knew that this money borrowed of the defendant was used to pay off the mortgage, which was given to pay the mortgages which he himself held. The second defense is that, when the plaintiff purchased the land at execution sale, he knew that the three prior mortgages had been paid with the proceeds of the defendant's mortgage, and, as the record did not disclose the fact of the payment, he was able to and did procure the three prior mortgages to be deducted as liens by the appraisers, thus enabling him to purchase the land for a fraction of its real value, and upon a lien that appeared upon the records to be prior to defendant's mortgage, thereby perpetrating a

fraud upon the court and its officers, as well as upon the defendant.

1. The principal question discussed in plaintiff's brief is whether the answer sufficiently alleges that the mortgages which had been paid off were in fact deducted as liens in the appraisement of the land. The defendant in the brief assumes that this matter is sufficiently alleged in the answer, and the plaintiff, who filed his brief afterwards, contends strenuously that it is not sufficiently alleged. If the land was worth from $1,600 to $1,700 at the time of the sale upon execution and the plaintiff procured it to be appraised at $500 by having the three mortgages which had been paid off deducted as liens, and so bought the land for about one-fifth of its value, he ought not to prevail in this action as against the defendant Mrs. Gehling. The plaintiff does not allege when his execution was issued, nor when it was levied, but the answer alleges that the land was sold thereunder on the 30th day of May, and the sale confirmed on the 14th day of June, 1907, and that the execution was issued on the 20th day of March, 1907. The Plaintiff's brief does not give due consideration to the various allegations contained in the answer. The matters relied upon by plaintiff should have been presented in reply to the answer. The answer, as against the general demurrer, sufficiently alleges that the mortgages which had been paid were deducted as liens by the appraisers from the value of the land. This allegation is in the answer: "That these liens were deducted from the value of said premises and said. premises were appraised by said appraisers after said liens had been deducted at the sum of $500." And again: "That at the time said sale was made said liens were still of record and in force on said land and deducted from its appraised value," and that "said Peter Frederick in fact bought said land charged with said liens; * * * that said land, at the time it was purchased by the plaintiff, was worth at least $1,700, and was in fact appraised at that amount if the fact is taken into consideration that said appraisers still considered at the time said appraise-

ment was made that said liens were still subsisting against said land." In the plaintiff's brief it is argued that this allegation of the answer that the land was worth $1,700 at the time it was appraised is shown to be untrue by computation because the amount of the liens was only $1,182.32 and the land was appraised at $500, making in all $1,682.32, or $17.68 less than $1,700; but this defect would not be much more than the interest that would accrue on these liens from the time of the appraisement to the time of the sheriff's sale. At least the difference would not be so great as to overcome all of these allegations in the answer as to the method of appraisement.

2. The intervener set up the facts as to the fraudulent conduct of the plaintiff in purchasing the land at the execution sale, and also alleged that the land was his homestead and that the plaintiff's judgment was never a lien thereon. The allegations as to its being a homestead are indefinite and perhaps insufficient, but it seems that the controversy here is in regard to the land itself. The plaintiff claims the land and is seeking to quiet his title, and the intervener claims the land and alleges that the plaintiff's supposed title is fraudulent and ought to be set aside. The defendant is seeking to fasten a lien upon the land, and this appears to present a proper case for the intervener, John W. Buckminster, to assert and test his claim in the land. If the action of the court in sustaining the motion to strike the petition in intervention from the files can be sustained, it can only be upon the ground that it was in fact a general demurrer, and that the pleading does not state facts sufficient to entitle the intervener to any relief. The allegations are very general, and might not admit a full investigation of the rights of the parties, but cannot be disposed of upon a general demurrer or motion to strike out the pleading.

For these reasons, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

LETTON, J., not sitting.

BARNES, J., dissenting.

My understanding of the answer of the defendant, Mary Gehling, and the conclusions to be drawn from its allegations differ from those expressed by the majority. I am of opinion that the answer fails to state facts sufficient to entitle the defendant to any relief by way of subrogation. It appears that the intervener, John W. Buckminster, allowed the land in question to be sold at the plaintiff's execution sale without protest or objection, and at that time made no homestead claim to the same. By the allegations of his petition he has not shown that he has any such interest in the controversy between the plaintiff and the defendant, Mary Gehling, as would give him the right to be made a party by intervention. Therefore the order of the district court striking his petition of intervention from the files was right.

As I view the pleadings, the judgment of the district court should be affirmed.

FAWCETT, J.

I concur in so much of the above dissent as refers to the attempted intervention by John W. Buckminster.